**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

NEIL PRIMUS

     Plaintiff,

v.                                                            CASE NO.:

TA OPERATING LLC  d/b/a TravelCenters of
America

     Defendant(s).

**DEFENDANT TA OPERATING LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant TA Operating LLC (hereinafter "TA") hereby gives notice that this case is removed from the Philadelphia Court of Common Pleas, Case No. 251102055 ("State Action"), to the United States District Court, Eastern District of Pennsylvania. In support of its Notice of Removal, TA states as follows:

**II.  BACKGROUND**

1.     This lawsuit relates to an alleged slip and fall that occurred on November 16, 2023, at the TA property located at 98 Grove St, Dupont, PA 18641.

2.     Specifically, Plaintiff's Complaint alleges that Plaintiff slipped and fell on diesel fuel as he was walking around the front of his truck.

3.     As a result of the occurrence, Plaintiff alleges he sustained serious and permanent injuries, including surgical intervention on the left torn quadricep, injuries to nerves, muscles, ligaments, discs, bones, cartilage, blood vessels and lost wages.

4.     Plaintiff's Complaint asserts a Negligence cause of action against TA, including failure to warn and supervise.

5.    Plaintiff seeks recovery of compensatory damages and non-economic damages which will exceed $75,000.

## I.  PROCEDURAL REQUIREMENTS

6.    The State Action was commenced by filing the Complaint in the Philadelphia Court of Common Pleas, Pennsylvania on November 13, 2025.  A copy of Plaintiff's Complaint is attached as **Exhibit A**, and copies of all other process and pleadings served on TA in the State Action are attached as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

7.    TA was initially served with the Plaintiff's Complaint on November 20, 2025. Accordingly, this Notice of Removal is filed timely "within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C § 1446(b)(1).[1]

8.    The State Action is properly removed to the United States District Court for the Eastern District of Pennsylvania, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a).

9.    TA will promptly file a copy of this Notice of Removal with the clerk of the Philadelphia Court of Common Pleas and will serve a copy on Plaintiff in this State Action, as required by 28 U.S.C. § 1446(d).

10.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. § 1446 (a).

---

[1] Fed. R. Civ. P. 6 states "if the period would end on a Saturday… the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday."

### III.  GROUNDS FOR REMOVAL

A.  **Diversity Jurisdiction**

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties properly joined and served, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12.     There is complete diversity among the parties properly joined and served pursuant to 28 U.S.C. § 1441(b)(2).

13.     Plaintiff Neil Primus is now, and was at the commencement of this State Action, a citizen of the state of Florida.  (Exhibit A, ¶ 1).

14.     Defendant TA is now, and at the time the State Action was filed, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Ohio. An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)

15.     The sole member of TA Operating LLC is TravelCenters of America Inc. TravelCenters of America Inc. is a Maryland corporation with its principal place of business in Maryland. TA Operating LLC is therefore a citizen of the State of Maryland for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

*16.*     Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant TA in satisfaction of 28 U.S.C. § 1332(a).  Complete diversity exists only if none of the defendants have the same citizenship as any plaintiff.  *City of E. St. Louis, Illinois v. Netflix, Inc., 83 F.4th 1066, 1070* (7th Cir. 2023).

### ii.      The case meets the jurisdictional requirements

17.      Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interest.

18.      Once the proponent of jurisdiction has set out the amount in controversy, only a "legal certainty" that the judgment will be less forecloses federal jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 82 L. Ed. 845, 58 S. Ct. 586 (1938); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998).

19.      Plaintiff is bringing a claim for damages. Based on the allegations of the Complaint, the amount in controversy exceeds $75,000.00, notwithstanding the fact TA denies any liability for Plaintiff's damages.

20.      As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

21.      Plaintiff's Complaint alleges compensatory damages and non-economic damages. (Exhibit A¶¶ 16-22).

22.      Based on the allegations contained in the Complaint, Defendant has a good faith belief that the alleged damages meet the jurisdictional threshold of $75,000.

### IV.  RESERVATION OF RIGHTS

23.      TA denies the allegations contained in Plaintiff's Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

**WHEREFORE,** Defendant TA respectfully removes this action from the State Court of Philadelphia County, Pennsylvania to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and request that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

By:      /s/ *James Meissler*
James Meissler, Esquire
Gabrielle J.F. Morrison, Esquire
Counsel for Defendant,
TA Operating LLC

Dated: December 22, 2025